IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CV-103

| | |
|---|---|
| SHEILA B. LAWS and RONNIE E. LAWS and ALL OTHER PERSONS SIMILARLY SITUATED, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| PRIORITY TRUSTEE SERVICES OF N.C., L.L.C. and MORRIS, SCHNEIDER, & PRIOR, L.L.C., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER is before the Court on Plaintiffs' Motion to Remand. For the reasons set forth below, the Motion to Remand is DENIED.

**I. Background**

Plaintiffs brought suit on their own behalf and on behalf of a putative class of persons similarly situated against Defendants for breach of contract, breach of fiduciary duty, breach of the duty of good faith, imposition of a constructive trust, violation of Chapter 75 of North Carolina's Unfair and Deceptive Trade Practices Act, and an accounting and disgorgement of fees. Defendant Priority Trustee Services of N.C., LLC ("PTS") serves as a trustee or substitute trustee under North Carolina deeds of trust and institutes foreclosure actions following an alleged default under the deeds of trust. Defendant Morris, Schneider & Prior, LLC ("Morris Schneider") is a law firm organized under the laws of the State of Georgia with offices in Atlanta, Georgia, Raleigh, North Carolina, and Winchester, Virginia. Plaintiffs allege that Morris Schneider owns and controls PTS and purports to represent PTS in all foreclosure

proceedings in which PTS serves as a substitute trustee, while simultaneously representing the lenders in foreclosure actions in which PTS is named as trustee or substitute trustee.

In March 2005, PTS, as substitute trustee, initiated a foreclosure proceeding in Gaston County Superior Court with respect to the foreclosure of a Deed of Trust on property owned by Plaintiffs. Plaintiffs allege that at all times during the foreclosure proceeding Morris Schneider acted as counsel for both PTS and Equity One ABS Inc. Mortgage Pass Through Certified Series #2002-5 ("Equity One"), a trust holding the Deed of Trust and initiating foreclosure. Prior to the sale of property subject to the Deed of Trust, the Laws filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. The bankruptcy proceedings stayed the foreclosure sale and the interests of Plaintiffs became adverse to the interests of Equity One under the Deed of Trust. Plaintiffs allege that Morris Schneider represented Equity One during the bankruptcy case while it represented PTS as substitute trustee and while its lead bankruptcy counsel served as a manager of PTS. Morris Schneider acknowledges that it represented Equity One in the bankruptcy case, but denies that it continued to represent PTS in the stayed foreclosure. Plaintiffs allege that Morris Schneider was paid attorney's fees from PTS and that it received proceeds from the foreclosure sale. Plaintiffs also allege that PTS approved the payment of a trustee's fee to itself and was paid a trustee's fee from the proceeds of the foreclosure sale. Plaintiffs seek to recover the trustee fees and commissions, and all other fees, including attorneys' fees, charged to or recovered from North Carolina consumers as a result of these actions.

Defendants timely removed to this court pursuant to the Class Action Fairness Act ("CAFA") and Plaintiffs filed this Motion to Remand to state court, asserting that Defendants have failed to establish federal jurisdiction under CAFA.

## II. Discussion

CAFA states that district courts shall have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) (2007). Circuits that have addressed the issue have held that the defendant has the burden to prove that removal is appropriate under CAFA. See Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 298 (4th Cir. 2008); Smith v. Nationwide Prop.& Cas. Ins. Co., 505 F.3d 401, 404-05 (6th Cir. 2007); Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006); Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006), cert. denied, 128 S.Ct. 66 (2007); Miedema v. Maytag Corp., 450 F.3d 1322, 1328 (11th Cir. 2006); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005).

Plaintiffs do not dispute that the citizenship of the parties meets the minimal diversity standard of 28 U.S.C.§ 1332 (d)(2). However, Plaintiffs assert that the Defendants have failed to establish that the amount in controversy exceeds $5,000,000.

While the Fourth Circuit has not adopted a specific standard of proof that defendants must meet in proving the requisite jurisdictional amount, several district courts within the Fourth Circuit have concluded that the appropriate standard of proof is preponderance of the evidence. See Bartnikowski v. NVR, Inc., 2008 WL 2512839, *2 (M.D.N.C. June 19, 2008); Chandler v. Cheesecake Factory Rests., Inc., 239 F.R.D. 432, 438-39 (M.D.N.C. 2006) (noting the trend in the Fourth Circuit to hold the defendant to the preponderance of the evidence standard); Crosby v. CVS Pharm., Inc., 409 F.Supp.2d 665, 668 (D.S.C. 2005); Landmark Corp. v. Apogee Coal

3

Co., 945 F.Supp. 932, 935 (S.D.W.Va. 1996). Moreover, the preponderance of the evidence standard has been applied specifically in a CAFA context. See McMahon v. Advance Stores Co., 2008 WL 183715, *2 (N.D.W.Va. Jan. 18, 2008).

Regardless of the standard, it is clear that a proponent of federal jurisdiction cannot base the amount in controversy on unstated assumptions and estimates. Miedema, 450 F.3d at 1330-31 (applying a preponderance of the evidence standard to find that defendant had not met its burden to prove amount in controversy because of "great uncertainty" as to the amount); See, e.g., McMahon, 2008 WL 183715 at *8 (finding that defendant's assumptions and estimates as to the amount in controversy were insufficient to meet the preponderance of the evidence burden); Apodaca v. Allstate Ins. Co., 2008 WL 113844 *7 (D. Colo. Jan. 8, 2008) (remanding because evidence offered by defendants demonstrated a "possibility" rather than proof by a preponderance of the evidence that damages exceeded $5,000,000).

In their Notice of Removal, Defendants offered the affidavit of Mark A. Baker ("Baker"), the managing partner for Morris Schneider's multi-state bankruptcy practice to demonstrate that the amount in controversy exceeds $5,000,000. Baker's affidavit "estimated" that the fees received by Defendants in connection with foreclosure proceedings that also included bankruptcy proceedings during the time frame was approximately $3,915,669.00 (Baker Aff. ¶ 7). However, the sources and research methods from which Baker drew his figures were unknown and unclear.

After Plaintiffs filed their Motion to Remand, however, Defendants submitted a second affidavit from Baker that sets forth in detail the methodology he used to reach the conclusion that

4

the amount in controversy exceeds $5,000,000.[1]  After identifying the entire possible universe of almost 4,000 cases,[2] Baker then determined which cases involved a foreclosure in which PTS served as trustee or substitute trustee. (Baker's Second Aff, ¶ 17)  Baker made this determination by selecting a random sample of cases from each of the three bankruptcy districts. (Baker's Second Aff., ¶ 14)  Based upon a review of the random sample of cases, he was able to project that approximately 48% of the almost 4,000 cases in which Morris Schneider appeared in North Carolina bankruptcy proceedings during the relevant time involved PTS.  (Baker's Second Aff, ¶ 18)  The number of cases totals 1,867, and is slightly more than the number of cases Plaintiffs allege make up the purported class in their Complaint.[3]  Baker then calculated the average fee received by Morris Schneider per file for the sample of cases, which amounted to $1,989.12. (Baker's Second aff., ¶¶ 17-19)  This amount, multiplied by either the number 1,867, or the 1,500 that Plaintiffs allege in their brief, and trebled, exceeds $5,000,000.

Baker's second affidavit is alleged with much greater specificity and his analysis appears to be based upon sound logic and reasonable methodology. Accordingly, the court finds that

---

[1] Plaintiffs argue that the court should not consider the second affidavit, nor any evidence beyond the allegations of the Complaint or other documents provided by the Plaintiffs to Defendants.  This argument is without merit.  Indeed, this court has previously held that in determining whether the amount in controversy has been met, the court may look at the entire record, including the complaint, the removal petition, and any affidavits. Hooks v. American Medical Security Life Ins. Co., 2006 WL 2504903, *1 (W.D.N.C. 2006).

[2] These were cases from the relevant time period in which Morris Schneider made an appearance in a North Carolina bankruptcy proceeding.

[3] Plaintiffs' Complaint states, "Upon information and belief, since February, 2005, Morris Schneider has entered an appearance in more than fifteen hundred bankruptcy cases for the purpose of representing the lender in those cases while PTS serves as substitute trustee in connection with the foreclosure of the real property securing the loans." (Complaint, ¶ 65 ).

Defendants have met their burden of alleging that the amount in controversy exceeds $5,000,000.[4]

Plaintiffs argue that even if the Defendants can satisfy the amount in controversy requirement, they have failed to demonstrate that the jurisdictional carve-outs contained in 28 U.S.C. § 1332(d)(4)(B) and 28 U.S.C. § 1332(d)(4)(A), which preclude the exercise of jurisdiction, do not apply. The "Home State" exception, 28 U.S.C. § 1332(d)(4)(B), provides that a district court shall decline to exercise jurisdiction under CAFA if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (2007). Plaintiffs claim that over two-thirds of the class of Plaintiffs are North Carolina citizens and that the only primary defendant, PTS, is also a citizen of North Carolina. Plaintiffs claim that Morris Schneider is a secondary defendant.

When federal jurisdiction is challenged based on the home state exception in CAFA, the burden of proof shifts to the Plaintiffs. See Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 676 (7th Cir. 2006) (holding that based on the structure of CAFA, the plaintiff has the burden of proving that the home state exception applies). Though the Fourth Circuit Court of Appeals has not addressed the issue, at least one court in the Fourth Circuit supports this shift of the burden of proof to the plaintiffs. See Eakins v. Pella Corp., 455 F.Supp.2d 450, 452 (E.D.N.C. 2006) (citing Hart and noting that at least three circuits and the Senate Report on

---

[4] At some point in this litigation, a precise determination of fees received by PTS and Morris Schneider will no doubt be made. At that point, if it appears that the amount in controversy will not exceed the requisite jurisdictional amount, the court will have to revisit this issue.

CAFA support the view that "once the removing party proves the prima facie case for removal, the burden shifts to the plaintiff to prove that the local controversy exception should apply").

In the present case, the citizenship of the parties is undisputed; what is disputed is whether Morris Schneider is a "primary defendant" for the purposes of § 1332(d)(4)(B). Courts that have addressed the issues of primary and secondary defendants in the context of CAFA have defined the term "primary defendants" as those parties that are directly liable to plaintiffs and secondary defendants as parties joined under theories of vicarious liability or for purposes or contribution or indemnification. See Passa v. Derderian, 308 F.Supp.2d 43, 62 (D.R.I. 2004) (holding that the definitions of primary and secondary defendants were appropriate under the Multiparty, Multiforum, Trial Jurisdiction Act, a statute similar to CAFA); See also Kitson v. Bank of Edwardsville, 2006 WL 3392752 at *17 (S.D.Ill. Nov. 22, 2006) (holding that the definitions of primary and secondary defendants in Passa were persuasive for purposes of CAFA); See, e.g., Halberstam v. Welch, 705 F.2d 472, 476 (C.A.D.C. 1983) (describing secondary defendants as those being vicariously liable). Plaintiffs' claim that Morris Schneider is a secondary defendant under the meaning of CAFA is unpersuasive. Plaintiffs consider Morris Schneider directly responsible and directly liable for the harm suffered. In their brief supporting remand, Plaintiffs attempt to draw the focus more on PTS in order to argue that PTS, not Morris Schneider, is the primary defendant. However, the Complaint itself reveals the importance that Plaintiffs have placed on Morris Schneider, thus bringing Morris Schneider more in line with the case law definition of a primary defendant.

Accordingly, although it is undisputed that two-thirds of the plaintiff class are citizens of the State in which the action was originally filed, the second requirement of 28 U.S.C. §

1332(d)(4)(B) is not satisfied due to the fact that one of the primary defendants, Morris Schneider, is a citizen of Georgia.

The "Local Controversy" exception to CAFA, 28 U.S.C. § 1332(d)(4)(A), states that a district court shall decline to exercise jurisdiction under CAFA over a class action in which:

> I. Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> II. At least 1 defendant is a defendant -
> > (aa) from whom significant relief is sought by members of the plaintiff class;
> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > (cc) who is a citizen of the State in which the action was originally filed; and
> III. Principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed;

28 U.S.C. § 1332(d)(4)(A) (2007). There is little case law that defines "significant relief" or "significant basis" under CAFA. Case law from the Fourth Circuit has relied primarily on the Senate Report. The Senate Report explains that § 1332(d)(4)(A) applies to a "truly local controversy" and targets local defendants that are the "primary focus of plaintiff's claims, not just a peripheral defendant." Eakins, 455 F.Supp.2d at 452 (quoting S. REP. NO. 109-14, at 40 (2005)). "The [local] defendant must be a target from whom significant relief is sought by the class . . . as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class." Id. at 452. In Eakins the court interpreted an example of the local controversy described in the Senate Report:

> "The example is a class action brought in Florida, on behalf of Floridians against an out-of-state automobile manufacturer and a few in-state dealers, alleging a products liability defect. The vehicle was sold in all fifty states. The defendant dealers' conduct does not form a significant basis of the claims or from whom significant relief is sought, because the retailer is "small change compared to what they are seeking from the manufacturer."

8

Id. at 452-53.  Additionally, the "significant relief" requirement has been interpreted to mean those defendants from whom plaintiffs seek most of the relief.  See Robinson v. Cheetah Transp., 2006 WL 468820 at *4 (W.D.La. Feb. 27, 2006) (holding that plaintiffs had not met the burden of showing that the local controversy exception applied when "plaintiffs will seek most of [the] relief from those who are capable of paying it; the corporate [out-of-state] defendants").

In the present case Plaintiffs have failed to satisfy the "significant relief" requirement of 28 U.S.C. § 1332(d)(4)(A)(II).  PTS has no assets and, during the time frame relevant to Plaintiffs' complaint, PTS never had assets.  Plaintiffs seek relief from the fees that Morris Schneider received in connection with the foreclosures and Defendants contend that any recovery in this lawsuit would come from Morris Schneider.  Therefore, the requirement that "significant relief" be sought from the in-state defendant is not met since Plaintiffs seeks all monetary relief from the out-of-state defendant, Morris Schneider.

Accordingly, though PTS is a primary defendant from North Carolina and the actions out of which the dispute arose occurred in North Carolina, Morris Schneider is a primary defendant and is the party from whom significant relief is sought.  Because Morris Schneider is a citizen of Georgia, Plaintiffs have failed to meet their burden of proving that the local controversy exception applies.

The "Permissive Home State" exception, 28 U.S.C.§ 1332(d)(3), provides that a district court may decline to exercise jurisdiction under CAFA over a "class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed" based on consideration of several factors.  28 U.S.C. § 1332(d)(3) (2007).  The factors are:

9

(A) whether the claims asserted involve matters of national or interstate interest;
(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same of other persons have been filed.

28 U.S.C. § 1332(d)(3) (2007). The permissive home state exception permits the court to consider whether federal jurisdiction is appropriate in the "interests of justice" and looking at a "totality of the circumstances."

In the present case, the factors A through F of § 1332(d)(3) are either neutral or in favor of remand, however the class of Plaintiffs does not meet the requirement that the home state exception applies in a class action "in which greater than one-third but less than two-thirds of the members of the proposed plaintiff classes" are citizens of the state in which the action was originally filed." § 1332(d)(3). The Plaintiffs have alleged in their Memorandum in Support of Plaintiff' Motion to Remand that "two-thirds or more of the putative class are residents of North Carolina." (Document #14, pg. 15). Thus, the number of Plaintiffs that are citizens of North Carolina exceeds the amount permitted by under this exception.

As Defendants have met their burden of demonstrating that the amount in controversy exceeds $5,000,000, and it does not appear that any of the jurisdictional carve-outs apply,.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand is hereby DENIED.

Signed: August 11, 2008

Graham C. Mullen
United States District Judge