# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08CV103

| | | |
|---|---|---|
| SHEILA B. LAWS and RONNIE E. LAWS and All Other Persons Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) **)** | ORDER |
| PRIORITY TRUSTEE SERVICES OF N.C., L.L.C. and MORRIS, SCHNEIDER & PRIOR, L.L.C., | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court upon Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court heard oral argument on this motion on March 10, 2009.

## FACTUAL BACKGROUND

Ronnie and Sheila Laws, on behalf of themselves and on behalf of a putative class of persons similarly situated, commenced this action on February 12, 2008 in the Superior Court of Gaston County. The Complaint alleged eight causes of action, all of which related to the foreclosure of a deed of trust Plaintiffs granted to secure a mortgage loan. Defendant timely removed the action to this court pursuant to the Class Action Fairness Act. Plaintiffs filed a Motion to Remand, which the court denied on August 11, 2008.

Defendant Morris, Schnieder & Prior, L.L.C. ("MSP") is a Georgia law firm with an active North Carolina foreclosure and bankruptcy practice comprised of lawyers licensed in

1

North Carolina. Defendant Priority Trustee Services of N.C., L.L.C. ("PTS") is a North Carolina limited liability corporation that serves as trustee or substitute trustee under North Carolina deeds of trust and institutes foreclosure actions following a borrower's default under a deed of trust.

In their Complaint, Plaintiffs allege that PTS is the alter ego of MSP and that MSP controls PTS. Plaintiffs allege that MSP represents PTS in all foreclosure proceedings in which PTS serves as the substitute trustee, and that MSP also represents the lenders in related bankruptcy actions. With respect to the Laws, the Complaint alleges that in March of 2005, PTS served as substitute trustee under a deed of trust on the Laws' property in connection with a mortgage loan from Equity One, Inc. ("Equity One"). When the Laws defaulted on the Note secured by the deed of trust, PTS served as the substitute trustee in the Laws' foreclosure proceedings.

The Laws filed a Chapter 13 bankruptcy petition prior to the sale of the property and the foreclosure was therefore automatically stayed. Equity One, represented by MSP, sought to have the stay lifted. After negotiation, a Consent Order was entered allowing the automatic stay to remain in force if the Laws made certain agreed payments to Equity One. The Laws failed to make the payments and foreclosure proceedings resumed. PTS, acting as the substitute trustee, thereafter facilitated the sale of the property, which was sold to Equity One as the last and highest bidder.

The Complaint alleges claims for Declaratory and Injunctive Relief, breach of contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, breach of the duty of good faith and fair dealing, constructive fraud, and unfair and deceptive trade practices. All of these claims are based upon Plaintiffs' allegation that Defendants served as both the substitute

trustee in the foreclosure proceedings and as counsel for the lender and collected fees in connection with their services in both these capacities.

**DISCUSSION**

**I. Standard for Motion to Dismiss:**

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted the allegations in plaintiff's complaint are presumed true and all reasonable factual inferences must be construed in plaintiff's favor. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, the court need not accept legal conclusions drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

**II. State Bar Ethics Opinions:**

The court will first address Defendants' argument that Plaintiffs' claims are based entirely on purported violations of the North Carolina State Bar Ethics Opinions, which, as a matter of law, cannot be used as a basis for civil liability. It is clear that the North Carolina Rules of Professional Conduct are not designed to be a basis for civil liability. North Carolina law is well-settled in this regard. North Carolina courts, starting with the North Carolina Court of Appeals decision in McGee v. Eubanks, 77 N.C.App. 369, 335 S.E.2d 178 (1985), have consistently rejected the use of ethics rules to establish attorney liability. Federal courts applying North Carolina law, such as Great-West Life & Annuity Ins. Co. v. Bullock, 202 F.Supp. 2d 461, 465

(E.D.N.C. 2002), have also recognized this. Moreover, the North Carolina Rules of Professional Conduct themselves expressly state that the Rules shall not be used "to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating [the Rules]." See R. Prof. Conduct N.C. St. B. 0.2[7].

A reading of the Plaintiffs' Complaint reveals that it relies heavily on the North Carolina Rules of Professional Conduct and corresponding ethics opinions. In fact, paragraphs 58 through 62 of the Complaint actually track the Rules and ethics opinions verbatim. The question becomes whether the allegations of violations of the Rules and ethics opinions form the *only* basis for Plaintiffs' claims against the Defendants or if Plaintiffs' claims can be fairly read to be based upon an independent source of liability. In other words, does the Complaint plead a recognized cause of action without the use of or reliance on ethics rules and their corresponding State Bar Opinions?

A careful reading of the Plaintiffs' Complaint reveals that the answer to this question is "No." The duties that the Defendants are alleged to have breached are all based upon violations of the Ethics rules or opinions. Throughout the Complaint, the allegations continually refer to the Defendants' conduct of serving as both counsel to the lender and as substitute trustee in contested foreclosures as being the basis of the claims in the Complaint. The Complaint fails to identify a formal legal duty independent of those articulated in the Rules of Professional Conduct or the corresponding State Bar ethics opinions. The Plaintiffs argue forcefully that this case is about a breach of fiduciary duty, but expressly admit in oral argument that the breach is based solely on the "mere status" of serving as trustee and counsel to the lender.

The Plaintiffs have cited several cases they contend provide an independent basis upon

4

which their claims can be recognized under North Carolina law. Specifically, in Mills v. Building & Loan Ass'n, 216 N.C. 664, 6 S.E.2d 549 (1940), the North Carolina Supreme Court noted that a trustee under a deed of trust is "bound by his office to present the sale under every possible advantage to the debtor as well as the creditor. He is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and creditor alike." Id. at 669, 6 S.E.2d at 552. The problem with the Plaintiffs' position is that the Complaint does not allege a violation of these duties. There is no alleged irregularity in the foreclosure sale. There is no allegation that the foreclosure sale was not conducted in accordance with law. There is no suggestion that the trustee was negligent or imprudent. There is no allegation that the Plaintiffs were not in default. The only allegation is that Morris Schneider represented the lender, Equity One, while its alter ego PTS served as the substitute trustee, allegedly in violation of the North Carolina Ethics rules and opinions.

The court finds that Plaintiffs' allegations are insufficient under North Carolina law to state a claim upon which relief can be granted.

**III. DAMAGES:**

In addition to the foregoing, it is apparent to the court that the Plaintiffs have failed to suffer any harm or specific damages. As stated above, there are no allegations that the foreclosure at issue was not permitted by law, or was wrongful in any way. The Plaintiffs did not timely remit their mortgage payments and the lender was authorized to institute foreclosure proceedings. In addition, regardless of who represented the lender, Equity One, Plaintiffs would nevertheless have been obligated to pay Equity One's legal fees in the bankruptcy proceeding under the terms of the security instrument that secured their loan. Accordingly, MSP's receipt of fees for

5

representing Equity One did not result in any tangible injury to the Plaintiffs.

The introductory section of the Complaint summarily alleges that "Morris Schneider conceals from borrowers, as part of its ongoing scheme to inflate and recover fees to which it is not entitled, the relationship between PTS and Morris Schneider." However, the Complaint fails to either explain what the alleged "scheme" entailed or how the fees were inflated. There are no allegations of the amounts charged by comparable lawyers for similar work. There are no allegations that the Defendants received any benefit other than the fees that they earned for the work they did. Therefore this conclusory inference is insufficient to state a claim for relief.

Plaintiffs also contend in the Complaint that they were harmed when the Defendants allegedly failed to accurately account for the proceeds of the foreclosure sale. However, Plaintiffs do not plead a claim for relief on this basis. Even if they had, any such claim would not relate to the claims of the purported class of Plaintiffs.

In sum, the Plaintiffs' Complaint is devoid of any allegations of cognizable, tangible harm.

**IV. ALTERNATIVE BASES FOR DISMISSAL OF CERTAIN INDIVIDUAL CLAIMS:**

In addition to the foregoing, there are independent reasons why certain individual claims should be dismissed. First of all, the court agrees with Defendants' arguments that Plaintiffs' First and Sixth Claims for Relief (for Declaratory and Injunction Relief and for imposition of a Constructive Trust) must be dismissed for failure to state a claim because these are remedies rather than separate causes of action. North Carolina law appears to be well-settled in this regard.

Plaintiffs' Fourth Claim for Relief is titled "Aiding and Abetting Breach of Fiduciary

6

Duty." The court finds that no such cause of action exists in North Carolina. It is undisputed that the Supreme Court of North Carolina has never recognized such a cause of action. The only North Carolina Court of Appeals decision recognizing such a claim, <u>Blow v. Shaughnessy</u>, 88 N.C. App. 484, 489, 364 S.E.2d 444, 447-48 (1988), involved allegations of securities fraud, and its underlying rationale was eliminated by the United States Supreme Court in <u>Central Bank of Denver v. First Interstate Bank of Denver</u>, 511 U.S. 164 (1994). Accordingly, the court dismisses this claim.

Plaintiffs' Eighth Claim for Relief is a claim under the North Carolina Unfair and Deceptive Trade Practices Act. Defendants argue that this claim fails because N.C. Gen. Stat. § 75-1.1(b) provides an express exception for "professional services rendered by a member of a learned profession," which applies to attorneys' professional services. The court agrees. Any argument by the Plaintiffs that Defendants were not in fact engaging in legal work is simply without merit. Throughout the Complaint, Plaintiffs allege that Defendants violated North Carolina Ethics Rules by simultaneously representing both the lender and serving as the substitute trustee. Such legal representation certainly constitutes "professional services" rendered by attorneys. Thus, Plaintiffs fail to state a claim pursuant to N.C. Gen. Stat. § 75-1.1

The court will now turn to Plaintiffs' claim for breach of contract. This claim is based upon Plaintiffs' allegations that PTS breached its obligations under the deed of trust by: 1) "simultaneously serving as substitute trustee while its members served as counsel for the lender in connection with any contested foreclosure for which it acted as trustee;" 2) "approving the payment of any attorney fee to Morris Schneider;" and 3) "failing to disclose that Morris Schneider was one of its members and managers and that its employees are all employees of

7

Morris Schneider."

When alleging that a defendant has breached a contract, a plaintiff must allege the specific provisions of the contract that were breached. Polygenex Int'l, Inc. v. Polyzen, Inc., 133 N.C.App. 245, 252, 515 S.E.2d 457, 462 (1999). The Complaint herein fails to allege which, if any, terms of the deed of trust was purportedly breached.

Plaintiffs' constructive fraud claim suffers from the same deficiency as the rest of their claims. As essential element of constructive fraud is that the defendant used its position of trust and confidence to the detriment of the plaintiff and for the benefit of defendant. Terry v. Terry, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981). The court has found no harm or injury to the Plaintiffs. In addition, Plaintiffs have failed to allege that Defendant MSP derived an advantage at the expense of the Plaintiffs by the alleged fraudulent practices. "Payment of a fee to a defendant [attorney] for work done by that defendant does not by itself constitute sufficient evidence that the defendant sought his own advantage in the transaction." NationsBank v. Parker, 140 N.C.App. 106, 114, 535 S.E.2d 597, 602 (2000). Accordingly, Plaintiffs' fraud claim must fail.

**V. CONCLUSION:**

In sum, the court finds that Plaintiffs' claims are fatally flawed in multiple respects. However, the main reason the court must dismiss the Complaint is that North Carolina law does not permit the use of the ethics rules to establish civil liability, and Plaintiffs' claims rest entirely on purported violations of these rules and the State Bar opinions. In addition, the Complaint fails to allege any actual damage to the Plaintiffs. Accordingly,

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss is hereby

GRANTED.

Signed: March 16, 2009

Graham C. Mullen
United States District Judge