<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 09-1432

---

SHEILA B. LAWS; RONNIE E. LAWS,

        Plaintiffs - Appellants,

    v.

PRIORITY TRUSTEE SERVICES OF NORTH CAROLINA, LLC; MORRIS, SCHNEIDER & PRIOR, LLC,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:08-cv-00103-GCM)

---

Argued: January 28, 2010           Decided: April 28, 2010

---

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED**: John Handy Culver, III, K&L GATES LLP, Charlotte, North Carolina, for Appellants. Andrew H. Erteschik, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellees. **ON BRIEF**: E. Fitzgerald Parnell, III, T. Richard Kane, POYNER SPRUILL LLP, Charlotte, North Carolina, for Appellee Priority Trustee Services of North Carolina, LLC; Melody J. Canady, CRANFILL, SUMNER & HARTZOG LLP, Wilmington, North Carolina, Samuel H. Poole, Jr., CRANFILL, SUMNER & HARTZOG, LLP, Charlotte, North Carolina, for Appellee Morris, Schneider & Prior, LLC.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheila and Ronnie Laws, whose North Carolina house was foreclosed on by their lender, Equity One, Inc., commenced this class action against the law firm hired by Equity One, Morris, Schneider & Prior, LLC ("Morris Schneider"), and the firm that Equity One designated and Morris Schneider hired to conduct the foreclosure sale, Priority Trustee Services of North Carolina, LLC ("Trustee Services"). They alleged that Trustee Services was the "alter ego" of Morris Schneider and that the relationship between the two firms caused (1) Trustee Services to breach fiduciary duties of neutrality owed to the Laws under North Carolina law and (2) Morris Schneider to operate under a conflict of interest in representing both Equity One and Trustee Services. The Laws' complaint sought a declaratory judgment that the relationship between Morris Schneider and Trustee Services violated North Carolina law, restitution of legal fees, disgorgement of profits, and damages.

The district court granted the defendants' motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, holding that the Laws failed to allege any irregularity in the foreclosure proceedings or to demonstrate any loss resulting from the relationship between Morris Schneider and Trustee Services. We affirm the judgment of the district court.

I

In April 2002, the Laws borrowed $52,200 from Equity One, securing repayment of their loan with a deed of trust on their house in Gastonia, North Carolina. The deed of trust gave Equity One the power to sell the house upon default and authorized First American Title Insurance Company as trustee to conduct the foreclosure sale and "sell the Property at public auction to the highest bidder." It also authorized Equity One to designate a substitute trustee and to purchase the property at the foreclosure sale. By the terms of the deed of trust, the trustee conducting the sale was required to give notice of the sale, to sell the property to the highest bidder, and to apply the proceeds of sale first to the expenses of sale, then to the sum secured by the deed of trust, and finally to "the person or persons legally entitled" to the excess.

In March 2005, the Laws defaulted on the loan, and Equity One retained Morris Schneider, who, on behalf of Equity One, appointed Trustee Services as the substitute trustee to conduct a foreclosure sale.

Before the foreclosure sale could occur, however, the Laws filed a voluntary petition under Chapter 13 of the Bankruptcy Code, which automatically stayed the foreclosure sale. On behalf of Equity One, Morris Schneider requested the bankruptcy court to lift the stay. Following negotiations between the Laws

3

and Equity One, however, the bankruptcy court entered a consent order providing that the automatic stay would remain in force as long as the Laws made specified payments to Equity One. When the Laws later failed to make the payments, the automatic stay was lifted, and Trustee Services proceeded to conduct the foreclosure sale of the property.

At the sale, which took place on May 22, 2007, Equity One was the high bidder with a bid of $62,613.87, an amount apparently sufficient to pay the outstanding loan. The Laws, however, later received notice from Equity One that the proceeds of the sale were not sufficient to satisfy their loan and that a deficiency remained in the amount of $19,165.82. According to the Laws' complaint, this was the result of Trustee Services' failure "to accurately report the use of the proceeds of the foreclosure sale."

Nonetheless, the Laws did not challenge the foreclosure sale or the report of the sale in any legal proceeding. Rather, they commenced this action some nine months later, in February 2008, challenging on behalf of themselves and all others similarly situated the practice by which Morris Schneider designated Trustee Services as the substitute trustee in foreclosure proceedings handled by them. In their complaint, the Laws alleged that Morris Schneider created Trustee Services to serve as substitute trustee in foreclosure proceedings in

4

which Morris Schneider represented the lender, and that Morris Schneider controlled Trustee Services which was, in effect, Morris Schneider's alter ego. They alleged that through this relationship, Trustee Services violated its fiduciary duty of neutrality when conducting the sale because it was so closely connected to Morris Schneider and that Morris Schneider operated under a conflict of interest in representing both the lender and the substitute trustee appointed by the lender. Their complaint purported to allege claims for breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of the duty of good faith and fair dealing, constructive fraud, and violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1.

On the defendants' motion, the district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6), concluding that the complaint did not state any claim upon which relief can be granted. See Laws v. Priority Trustee Servs. of N.C., L.L.C., 610 F. Supp. 2d 528 (W.D.N.C. 2009). First, the court concluded that the complaint did not plead against Morris Schneider a violation of anything other than the North Carolina Rules of Professional Conduct, which, the court noted, cannot serve as a basis for civil liability in North Carolina. See id. at 530-31. With respect to Trustee Services, it concluded that the complaint did not allege any action for common law breach of

5

fiduciary duty because the only breach alleged was the firm's "mere status" as an interested party, which the district court concluded did not constitute a violation of North Carolina law. See id. at 531-32. It held that a claim for breach of fiduciary duty requires a showing of some type of harm or other irregularity with the sale, rather than the simple fact that the trustee was in an interested relationship. See id.

Addressing the individual counts more specifically, the court gave additional reasons for dismissal. First, as to the first and sixth counts, for declaratory and injunctive relief and for constructive trust, the court found them defective in that they simply claimed relief without alleging any causes of action. See id. at 532. Second, as to the fourth count, for aiding and abetting breach of fiduciary duty, the court held that no such cause of action exists in North Carolina. See id. Third, as to the eighth count, for violation of North Carolina's Unfair and Deceptive Trade Practices Act, the court dismissed the claim on the ground that it was barred by an exception within the Act for "professional services rendered by a member of a learned profession," which applies to attorneys. See id. (citing N.C. Gen. Stat. § 75-1.1(b)). Finally, as to the counts for breach of contract and constructive fraud, the court dismissed the claims on the grounds that the Laws did not identify any contractual provisions that were breached and that

the Laws suffered no harm from any alleged fraud.  See id. at 532-33.

From the district court's judgment, entered on March 16, 2009, the Laws filed this appeal.

II

We conclude that the district court properly dismissed the Laws' complaint.  The sole bases for the Laws' complaint were the "mere status" of Trustee Services as an interested party and Morris Schneider's representation of both Equity One and Trustee Services.  As the Laws acknowledge on appeal, under North Carolina law, a violation of the Rules of Professional Conduct for attorneys cannot serve as a basis for civil liability.  See McGee v. Eubanks, 335 S.E.2d 178, 181-82 (N.C. Ct. App. 1985).  Furthermore, the Laws did not allege any irregularity with the sale, other than the accounting problem for which they did not attempt to state a claim for relief, nor did they allege that they suffered any damages as a result of the arrangement.  Under North Carolina law, alleging only the fact that Trustee Services is in this type of relationship with Morris Schneider is insufficient to state a claim for breach of fiduciary duty.  See Denson v. Davis, 124 S.E.2d 827, 830-31 (N.C. 1962) (holding that a trustee did not commit a breach of fiduciary duty simply by virtue of the fact that he was also an employee of the

7

lender); Dove v. Harvey, 608 S.E.2d 798, 801 (N.C. Ct. App. 2005) ("Certain torts require as an essential element that a plaintiff incur actual damage.  These torts include breach of fiduciary duty"); Piedmont Inst. of Pain Mgmt. v. Staton Found., 581 S.E.2d 68, 76-77 (N.C. Ct. App. 2003) (same).

Consequently, we affirm substantially for the reasons given by the district court.

AFFIRMED